## The People on the relation of Robert Scott v. The Township Board of Bingham.

*Township officers: Quo warranto proceedings: Costs and expenses: Liability of township.* The costs and expenses of a proceeding by information on his own account, and not by direction of the township, to establish the right of one claiming to have been elected supervisor, are not a legal charge against the township.

*Township liability: Costs of suits: Supervisor: Individual matters.* Where one who as supervisor has replevied from another also claiming to be

SCOTT *v.* TOWNSHIP BOARD OF BINGHAM.

supervisor, the books and papers belonging to the office, and recovered judgment, and has also proceeded against such other by information for intrusion into the office and failed in his suit, has offset the costs in his favor in the replevin suit against those recovered against him in the latter proceeding, he does not thereby lay any legal obligation on the township to reimburse him with the amount.

*Heard October 21.   Decided October 22.*

Application for *Mandamus.*

The relator claimed to have been elected supervisor of the township of Bingham, in Huron county, and qualified as such and received the books and papers belonging to the office.  One Bamberg also claimed to have been elected supervisor, and he caused a search warrant to be issued by the probate court of Huron county, by virtue of which the books and papers belonging to the office of supervisor were taken from relator by the sheriff and delivered to Bamberg.  The relator thereupon replevied said books and papers and recovered judgment against Bamberg for costs.  He also proceeded by information against Bamberg for intrusion into the office of supervisor, but failed in this suit on the ground of failure to show that Bamberg intruded into the office, and judgment for costs passed against him.  These two bills of costs were afterwards set off against each other. The relator presented to the respondents an account of his disbursements and expenses in these two suits, and asked them to allow it as a claim against the township, and on their declining so to do, made this application to require them to audit and allow it.

*George S. Engle* and *Hoyt Post,* for relator.

*Richard Winsor* and *H. B. Carpenter,* for respondents.

PER CURIAM:

·  One claiming to have been elected supervisor, and proceeding by information on his own account, and not by direction of the township, to establish his right, does not

thereby create any legal liability against the township to defray his costs and expenses in the litigation.

Whatever costs and expenses he may be put to in such a case are personal and neither constitute a legal debt of the township or a binding demand against it.

The debt then incurred by the relator in this case in the prosecution of the information was his own debt, and not that of the township. He recovered costs in the replevin suit and chose to apply them to pay the costs against him in the information, and in so doing he used the amount so awarded to him to . pay his own debt. He did not thereby lay any legal obligation on the township to reimburse him with the amount.

The writ must be refused, with costs against the relator.